**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GLENDA HOWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1208-CR-436 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1203-FA-9

**March 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Glenda Howell appeals the sentence imposed upon her for class A felony dealing in cocaine. She presents the following restated issues for review:

1. Did the trial court violate *Blakely v. Washington*, 542 U.S. 296 (2004) when it inquired of her at the sentencing hearing regarding prior drug dealing?

2. Is Howell entitled to a new sentencing hearing due to a discovery violation by the State?

We affirm.

On January 23, 2012, Howell delivered approximately fifteen grams of cocaine to a confidential informant during a controlled buy. Police did not immediately arrest Howell because this was part of an ongoing investigation in which her supplier, Marshrek Clark, was the primary target. On February 27, officers approached Howell outside of her apartment and asked to speak with her regarding her involvement in narcotics trafficking with Clark. Howell agreed and gave details of her dealings with Clark, indicating that over the last six months she had sold cocaine for him between fifteen and twenty times. Howell was not arrested at the time, but she was directed to contact officers at 9:30 a.m. on a daily basis. Howell did not comply and was arrested on March 1, 2012.

On March 3, the State charged Howell with class A felony dealing in cocaine. Howell pleaded guilty, without the benefit of a plea agreement, on May 15, 2012. A brief sentencing hearing took place on August 9. At the conclusion of the hearing, the trial court imposed the

minimum sentence of twenty years,[1] with six of those years to be served in the Department of Correction and fourteen in a community corrections program. Howell now appeals.

1.

Relying upon *Blakely v. Washington*, Howell argues that the trial court engaged in prohibited judicial fact-finding by questioning her about past drug dealings.[2] Specifically, "Howell asserts that the finding by the trial court that she had been previously involved in the drug trade to a greater extent than was charged violated the principles of *Blakely*". *Appellant's Brief* at 4.

Howell's reliance on *Blakely* is entirely misplaced, as the 2005 amendments to Indiana's sentencing statutes eliminated the possibility of future violations under *Blakely*. *See Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. To be sure, our Supreme Court has made clear that what *Blakely* prohibited was "a trial court finding an aggravating circumstance and enhancing a sentence beyond the statutory maximum." *Id*. at 490 (quoting *Davidson v. State*, 849 N.E.2d 591, 594-95 (Ind. 2006) (emphasis in original)). "[U]nder the amended statutory regime it is impossible to enhance a sentence beyond the statutory maximum." *Anglemyer v. State*, 868 N.E.2d at 490. Accordingly, there could be no *Blakely* violation here, where Howell's crime was committed

---

[1]  Ind. Code Ann. § 35-50-2-4 (West, Westlaw current through 2012 2nd Reg. Sess.) provides for an advisory sentence of thirty years for a class A felony, with a minimum sentence of twenty years and a maximum of fifty years.
[2]  The question of past drug dealings arose because Howell implied in statements composed for the presentence investigation report that this was a case of entrapment and that she had only dealt drugs on this one occasion. Because this seemed contrary to the trial court's experience, the court questioned her directly and Howell eventually admitted that she had sold drugs on more than one occasion.

well after the 2005 amendments.[3]

2.

Howell claims that the State failed to turn over materials during discovery indicating that there was a second controlled buy. She claims this information was used to ambush her at sentencing. Although we find this argument a bit disingenuous, we need not reach the merits.

The proper remedy for a discovery violation is a continuance or in extreme circumstances a mistrial. *Etienne v. State*, 716 N.E.2d 457 (Ind. 1999). In the instant case, Howell neither objected nor requested either of these remedies below. As such, her claim is waived on appeal. *See id*.

Judgment affirmed.

NAJAM., J., and BRADFORD, J., concur.

---

[3] In fact, as the State observes, even under the former sentencing statutes there would have been no *Blakely* violation because the trial court imposed the statutory minimum sentence. *See Davidson v. State*, 849 N.E.2d 591.